COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER OF ABATEMENT

Appellate case name:        Jorge Gonzalez v. The State of Texas

Appellate case number:     01-16-00490-CR

Trial court case number:    1450202

Trial court:                        176th District Court of Harris County

A jury convicted appellant of the felony offense of burglary of a habitation with intent to commit theft, and the trial court assessed his punishment at confinement for thirty-five years. Appellant timely filed his notice of appeal. The Clerk of the Court has examined the clerk's record and found that it does not comport with the Texas Rules of Appellate Procedure in that the trial court's certification of appellant's right of appeal is defective. *See* TEX. R. APP. P. 25.2(d), 37.1. The certification included in the clerk's record indicates that appellant has the right to appeal and is consistent with the record. However, the certification is not signed by the trial court judge or the appellant. *See* TEX. R. APP. P. 25.2(d). This order constitutes notice to all parties of the defective certification. *See* TEX. R. APP. P. 37.1.

Accordingly, we abate the appeal and remand the cause to the trial court to correct the certification. The trial court shall immediately conduct a hearing at which a representative of the Harris County District Attorney's Office and appellant's counsel, Ralph R. Martinez, shall be present. Appellant also shall be present for the hearing in person or, if appellant is incarcerated, at the trial court's discretion, appellant may participate in the hearing by closed-circuit video teleconferencing.[1] We direct the trial court to:

---

[1]    Any such teleconference must use a closed-circuit video teleconferencing system that provides for a simultaneous compressed full motion video and interactive communication of image and sound between the trial court, appellant, and any attorneys representing the State or appellant. On his request, appellant and his counsel shall be able to communicate privately without being recorded or heard by the trial court or the attorney representing the State. If appellant participates through in the hearing through video

1) execute an amended certification of appellant's right to appeal that complies with Rule 25.2; and
2) make any other findings and recommendations the trial court deems appropriate.

The trial court coordinator shall set a hearing date and notify the parties. The trial court shall have a court reporter, or court recorder, record the hearing.

The court reporter is directed to file the reporter's record of the hearing within 30 days of the date of this order. If the hearing is conducted by video teleconference, a certified recording of the hearing shall also be filed in this Court within 30 days of the date of this order. The trial court clerk is directed to file a supplemental clerk's record containing the amended certification of appellant's right to appeal and any other findings, recommendations, and orders of the trial court with this Court no later than 30 days from the date of this order. *See* TEX. R. APP. P. 25.2(d), 34.5(c)(2), (3), 37.1.

The appeal is abated, treated as a closed case, and removed from this Court's active docket. The appeal will be reinstated on this Court's active docket when records that comply with this order filed with the Clerk of this Court.

It is so ORDERED.

Judge's signature /s/ <u>Terry Jennings</u>
         ☑ Acting individually     ☐ Acting for the Court

Date: December 13, 2016

---

teleconferencing, the trial court and parties should take appropriate action to comply with the requirements of Rule 25.2(d). The trial court may comply with the notice requirements of the rule by reading to appellant the contents of the certification of right to appeal that the trial court has been signed to advise him of the certification's contents but is not limited to this option to satisfy Rule 25.2(d).